RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1/27/09
BY Dm

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

NADINE LADNER

versus   CIVIL NO. 08-1725
         JUDGE TOM STAGG

TAUREN EXPLORATION, INC.

## MEMORANDUM RULING

Before the court is a motion to remand filed by the plaintiff, Nadine Ladner ("Ladner"). See Record Document 6. Based on the following, Ladner's motion to remand is **DENIED**.

## I. BACKGROUND

### A. Introduction.

On October 28, 2008, Ladner filed a petition for declaratory relief against Tauren Exploration, Inc. ("Tauren") in state district court. On November 18, 2008, Tauren timely removed the case to federal court asserting diversity jurisdiction. On December 4, 2008, Ladner filed a motion to remand, arguing that this court lacks subject matter jurisdiction over her claims because the amount in controversy does not exceed $75,000.

### B. Relevant Facts.

On March 15, 2005, Ladner and Tauren entered into an oil, gas and mineral

1

lease ("the lease") of Ladner's property in Caddo Parish, Louisiana. The lease affected 6.1067 acres and had a primary term of three years. On October 28, 2008, Ladner filed a declaratory judgment action, seeking a declaration that the lease had expired. In her petition, Ladner alleged that pursuant to La. R.S. 31:206,[1] she, as lessor, made demand on Tauren, as lessee, to furnish her with a recordable act evidencing the extinction or expiration of the lease. She contends that because Tauren failed timely to provide her with such a recordable act, she is entitled to a declaratory judgment holding that the lease has expired and is extinguished. Ladner also seeks attorney's fees incurred in bringing the action under La. R.S. 31:207.[2]

---

[1] Louisiana Revised Statute, Title 31, section 206 provides, in pertinent part:

> Except as provided in Paragraph B of this Article, when a mineral right is extinguished by the accrual of liberative prescription, expiration of its term, or otherwise, the former owner shall, within thirty days after written demand by the person in whose favor the right has been extinguished or terminated, furnish him with a recordable act evidencing the extinction or expiration of the right.

[2] Louisiana Revised Statute, Title 31, section 207 provides:

> If the former owner of the extinguished or expired mineral right fails to furnish the required act within thirty days of receipt of the demand or if the former lessee of a mineral lease fails to record the required act within ninety days of its extinguishment prior to the expiration of its primary term, he is liable to the person in whose favor the right or the lease has been extinguished or expired for all damages resulting therefrom and for a

## II. LAW AND ANALYSIS

**A.     Jurisdictional Standard.**

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. For civil cases arising under 28 U.S.C. § 1332(a)(1), jurisdiction is limited to actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). To satisfy its burden of establishing by a preponderance that the amount in controversy exceeds $75,000, Tauren may point to the face of the petition or additional facts in its notice of removal or an affidavit.[3] See Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999).

**B.     Law.**

When a party seeks declaratory relief such as the cancellation of a contract or lease, the amount in controversy is not measured by the mere amount of the potential monetary judgment, but by the judgment's value to the plaintiff. Where the judgment

---

reasonable attorney's fee incurred in bringing suit.

[3] "[P]ost-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

sought includes cancellation of a future obligation, the value of that future obligation is considered in determining the amount in controversy. See Kemp v. Perma-Glaze, Inc., No. 94-1012, 1994 WL 236450 (E.D. La. May 25, 1994) (considering amount of future payments over remaining term of agreement when petition sought to cancel the agreement); Harger v. Burger King Corp., 729 F.Supp. 1579 (M.D. La. 1990) (considering amount of future installments when plaintiff sought a declaration that a lease continued in force); and Hale v. Billups of Gonzales, Inc., 610 F. Supp. 162 (M.D. La. 1985) (considering future rentals when plaintiff sought a declaration that a lease had terminated).

The cited decisions are consistent with the general rule that the amount in controversy, in an action for declaratory or injunctive relief, is "the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998); see also Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). Tauren contends, and this court agrees, that the amount in controversy is the difference between Ladner's existing 3/16 royalty interest under the lease, which she will still own even if she loses her lawsuit, and the 100 percent of gross mineral income attributable to her 6.1 acres, less her pro rata share of costs, which she will enjoy if she prevails. Thus, "the object of the lawsuit is whether Ladner or Tauren will enjoy the stream of income attributable to the leasehold interest, i.e., 13/16 of Ladner's 6.1 acres of minerals." Record Document 9 at 7.

Tauren's notice of removal makes the following allegations beyond those

4

found in the petition:

- that by order of the Office of Conservation, effective August 28, 2007, the subject acreage was included within the CV RA SUV drilling and production unit;

- that the CV RA SUV; Daniels 3-1 well (serial number 236,439) was completed by Tauren, on July 29, 2008, and has produced natural gas since August of 2008;

- that based on Tauren's reserve analysis and development plan, the present value of the future expected production from the CV RA SUV drilling and production unit attributable to Tauren's interest under the Lease is in excess of $75,000;

- that under the Lease, Ladner retains a 3/16 royalty interest; that under the Lease, Tauren has a 13/16 interest in the minerals underlying Ladner's 6.1067 acre tract;

- that mineral rights in the subject area, i.e., southern Caddo Parish, have a market value in excess of $16,000.00 per acre; and

- that Ladner's claim for attorney's fees must be included in the amount in controversy for removal purposes.

See Record Document 1 at 9. In addition, Tauren has submitted, along with its opposition to Ladner's motion to remand, summary judgment type evidence in the form of affidavits. See Record Document 9.

The first affidavit submitted by Tauren is that of Calvin A. Wallen, III ("Wallen"). See id., Affidavit of Wallen. Wallen has more than twenty-five years of

experience in the oil and gas industry.[4] Wallen details a per acre valuation basis and a wholesale valuation basis, the first of which places the 13/16 value of the leasehold interest in the range of $123,906.25 to $743,437.50, and the second of which places the 13/16 value at $404,241.50. See id., Affidavit of Wallen at 7.

The second affidavit submitted by Tauren is that of Simon H. Bidwell ("Bidwell"), who is a licensed petroleum reservoir engineer at RPS Scotia, an oil and gas business consultancy, in Dallas, Texas. See id., Affidavit of Bidwell. Bidwell has degrees in petroleum engineering, computer science, and management and administrative services, and has seventeen years of experience working as a petroleum reservoir engineer. Bidwell places the "net present value of the natural gas that can be produced from this acreage [at] $216,420" resulting in the amount of $175,841.25 attributable to 13/16 of Ladner's 6.1 acres. See id., Affidavit of Bidwell at 3.

In addition, when a contract or statute contains a provision for the potential award of fees, such fees may be included in the amount in controversy. See Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 874 (5th Cir. 2002). There is no precise formula for calculating the amount that should be attributed to the fees for amount in controversy purposes. The most specific guidance states only that a "reasonable" fee is to be included. See Wright, Miller & Cooper, Federal Practice and Procedure:

---

[4]Wallen is also currently the President, Chief Executive Officer, and Chairman of the Board of Cubic Energy, Inc., a publicly-traded oil and gas exploration and production company, as well as President of Tauren and Fossil Operating, Inc., which are all related companies.

6

Jurisdiction 3d § 3712, pp. 274-76 (1998).

Louisiana law does not permit recovery of attorney fees in a civil action unless there is a specific provision for their recovery in a relevant contract or legislation. In the case <u>sub judice</u>, Ladner has specifically alleged in her petition that she seeks fees pursuant to La. R.S. 31:207, which provides "a reasonable attorney's fee incurred in bringing suit." When a court is determining the amount in controversy, it need not pre-try the sufficiency of the complaint, and jurisdiction is not defeated by the possibility that the complaint ultimately fails to state a claim on which the plaintiff could actually recover attorney's fees. See <u>Louque v. Allstate Ins. Co.</u>, 314 F.3d 776, 782 (5th Cir. 2003).

### III. CONCLUSION

Based on the foregoing analysis, Tauren has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Ladner's motion to remand is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of January, 2009.

_____
JUDGE TOM STAGG